UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DARRELL L. MILES, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:15-CV-126-JMH |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| DON BOTTOM, Warden, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Darrell L. Miles is in custody of the Kentucky Department of Corrections ("KDOC") and is presently confined in the Northpoint Training Center ("NTC") in Burgin, Kentucky. Proceeding *pro se*, Miles has filed a complaint, although not styled as such,[1] pursuant to 42 U.S.C. § 1983, against the KDOC; LaDonna Thompson, Commissioner, KDOC; Don Bottom, Warden at NTC, and nine other prison officials at NTC, claiming that these prison officials have violated his constitutional rights by being deliberately indifferent to his safety and security needs,

---

[1] In lieu of filing a complaint, Miles filed a motion for a preliminary injunction, pursuant to Fed. R. Civ. P. 65. For administrative purposes, the Clerk of the Court has docketed this matter as prisoner civil rights action filed under 42 U.S.C. § 1983.

in violation of the Eighth Amendment to the U.S. Constitution, by violating his rights to equal protection, and by retaliating against him for filing grievances and requests to be placed in the Special Management Unit ("SMU") to protect himself from further harm allegedly being inflicted upon him by other inmates at NTC. [R. 1] At this juncture, the Court construes Miles's motion for a preliminary injunction as a complaint filed pursuant to 42 U.S.C. § 1983, that seeks injunctive relief against the named defendants.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if it determines either that the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) Kentucky Department of Corrections ("KDOC"), (2) LaDonna Thompson, Commissioner, KDOC, (3) Don Bottom, Warden, NTC, (4) Brad Adams, Admin. Sect. Supervisor, NTC, (5) Rick Rowlette, Deputy Warden, NTC, (6) Gary Prestigiacomo, Deputy Warden, NTC, (7) Craig Hughes, Correctional Officer, NTC, (8) Earl Walls, Correctional Officer, NTC, (9) Mendalyn Cochran, Correctional Officer, NTC (10) Jack Godbey, Correctional Officer, NTC, (11) Stephanie Hughes, Correctional Officer, NTC, (12) Lt. Crane, NTC, and (13) Bridgett Gillihand, Sr. Captain, NTC.

## CLAIMS ASSERTED

Miles claims that NTC prison officials have failed to protect him from being assaulted with human feces on more than one occasion by other inmates while he is sleeping[1] and that they have been deliberately indifferent to his safety needs and the risks to his health by these recurring assaults, all in violation of his rights under the Eighth Amendment of the United States Constitution and that they have retaliated against him for filing grievances concerning this matter and seeking to be placed in protective custody to prevent further harm from

---

[1] Elaborating, Miles explains that while he is sleeping, other inmates, using a straw or other instrument, place feces in the back of his mouth as far as possible, then they intentionally touch him on the rectum to awaken him, and that upon being awakened, he ingests the feces by swallowing it. [R. 1, p. 2]

3

additional exposure to human feces. Miles claims that as the result of past assaults with human waste, he has had to seek medical treatment for bacterial infections caused by such exposure and ingestion of human waste.[2]

Miles states that in March of 2015, he removed himself from being susceptible to these human feces assaults by requesting to be placed in Protective Custody ("PC"), and that he was placed in PC for a period of time. However, he also states that on March 27, 2015, NTC prison officials Stephanie Hughes and Deputy Warden Prestigiacomo removed him from PC and told him he could no longer hide in the Special Management Unit. [R. 1, p. 3]

As evidenced by Exhibit "D" to his complaint, Miles alerted NTC Warden Don Bottom to this problem in October of 2014. [R. 1-4] Further, as evidenced by Exhibit "C" to the complaint, Miles has brought this matter to NTC Deputy Warden Gary Prestigiacomo's attention on more than one occasion, all to no avail, he claims. Miles also alleges that NTC prison officials have retaliated against him for seeking protection from these human feces assaults by placing him back in the same prison dorm setting where the prior assaults occurred. He requests either to be placed in a two-man cell so that he would not be sleeping

---

[2] Miles states that currently has a helicobacter pylori bacterial infection and seeks treatment for it.

4

in a room with a group of inmates, or to be transferred to another correctional institution, as he claims was recommended by the Classification Committee.

Given the seriousness of Miles's allegations and the potential health risks associated with the exposure to human waste products, the Court concludes that at this juncture, without further delay, summons should issue to the Warden at Northpoint Training Center to respond to plaintiff's complaint.

Accordingly, **IT IS SO ORDERED**:

1. The Clerk of the Court is directed to issue summons to Don Bottom, Warden, Northpoint Training Center, Highway 33, Box 479, Burgin, KY 40310, to respond to plaintiff's complaint. [R. 1].

2. The Clerk shall prepare a "Service Packet" for the defendant, which shall include:

   a.  a completed summons form;
   b.  the complaint [R. 1];
   c.  this Order; and
   d.  a completed USM Form 285.

3. The Clerk shall deliver the Service Packet to the USMS and note the date of delivery in the docket.

4. The USMS shall, through arrangement with Northpoint Training Center, personally serve the Service Packet upon Don

Bottom, Warden, Northpoint Training Center, Highway 33, Box 479, Burgin, KY 40310.

5. The Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service date in the docket sheet.

6. Miles must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

7. For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document**.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.**

This the 14th day of May, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

6