```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| DARRELL L. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:15-CV-126-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| DON BOTTOM, Warden, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This case is before the Court to address several matters.

On May 7, 2015, inmate Darrell Miles filed a motion seeking a preliminary injunction to compel prison officials at the Northpoint Training Center ("NTC") to house him in a two-man cell to protect him from other prisoners while he slept. [R. 1] Miles also filed a motion requesting the Court to serve each of the defendants with process on his behalf [R. 2], and a motion requesting the appointment of counsel [R. 3].

One week later, the Court entered an Order construing Miles's motion for a preliminary injunction as a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 5, p. 2] The Court granted Miles's motion to proceed *in forma pauperis* by separate Order [R. 6], screened Miles's complaint, and ordered that NTC Warden Don Bottom (but not the other defendants) be served with process to address his claims. [R. 5, pp. 3-5]

Miles filed an amended complaint on May 22, 2015. [R. 10] Shortly thereafter, Miles was transferred to the Little Sandy Correctional Complex ("LSCC") [R. 12] where he still resides [R. 26] On June 11, 2015, Warden Bottom filed a motion to dismiss the complaint [R. 13], although the motion was directed towards the allegations of Miles's original [R. 1] rather than amended [R. 10] complaint.

The Court ordered Miles to file a response to the warden's dispositive motion. [R. 17] Miles responded on July 14, 2015, but did so in a document which weaved in his responses consisting of legal arguments with new factual allegations as part of a motion to file a second amended complaint. [R. 18] At the same time, Miles filed a motion to seal certain medical records offered as part of his response to the motion to dismiss. [R. 19]

Miles has recently filed a motion for summary judgment against all defendants. [R. 23] In response, Warden Bottom notes that none of the other defendants has been served with process, and asks the Court to screen Miles's Second Amended Complaint before requiring a response. [R. 24]

Developments in this case dictate the outcome of several motions pending before the Court. First, Miles's May 28, 2015, transfer from NTC to LSCC renders his original motion for injunctive relief against the NTC defendants [R. 1] moot, and it

2

must therefore be denied. *Colvin v. Caruso*, 605 F. 3d 282, 289 (6th Cir. 2010). Second, Miles requested that the Court serve his motion for injunctive relief upon all parties [R. 2]; however, the Court's decision to serve only Warden Bottom [R. 5] implicitly rejected that request to serve the other defendants. The Court will therefore formally deny that motion, subject to the considerations discussed more fully below.

Miles also moved for the appointment of counsel, noting that he lacks the funds to secure private counsel and that a seasoned litigator would assist in the prosecution of his claims. [R. 3] However, the Court will appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) to represent a *pro se* party in civil litigation only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). A court reviewing such a motion may consider the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006, and the movant's likelihood of success on the merits of the claim, *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). Here, Miles has filed numerous motions, many appropriately briefed with citations to relevant authority, indicating Miles's ability to represent himself. Considering the factors set forth above, the Court determines that this case does not present the kind of

3

extraordinary circumstances which would warrant the appointment of counsel for the plaintiff, and Miles's motion will be denied.

Miles filed his amended complaint on May 22, 2015, [R. 10] something he was permitted to do without leave of court pursuant to Federal Rule of Civil Procedure 15(a)(1). Miles moved to file a second amendment to his complaint on July 14, 2015. [R. 18] While the second amendment requires leave of the Court, such should be freely given. Fed. R. Civ. P. 15(a)(2). Because this request was made early in these proceedings, within two months of the original filing date and before service had been effected or discovery conducted, there has been no undue delay in seeking the amendment or prejudice to the defendants. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). The Court concludes that the second amendment should be permitted, the Second Amended Complaint will be filed into the record.

Having granted Miles leave to amend his complaint, the Court will deny Warden Bottom's motion to dismiss [R. 13], which is predicated upon the facts and claims asserted in the original complaint, without prejudice. The Court will also grant Miles's motion to submit certain medical records under seal [R. 19] to protect the confidentiality of the information contained therein.

Finally, Miles has moved for summary judgment on the claims asserted in his complaint. [R. 23] However, the Court lacks

4

personal jurisdiction over any of the defendants save Warden Bottom because they have yet to be served with process.  *Robertson v. Railroad Labor Bd.*, 268 U.S. 619, 622 (1925) (a federal court cannot acquire personal jurisdiction over a defendant unless the defendant is properly served with process).  Absent personal jurisdiction, the Court cannot give the defendants the notice and an opportunity to be heard that due process requires, let alone grant summary judgment against them.  The Court further agrees with Warden Bottom [R. 24] that, based on the more expansive record before the Court at this juncture, the better course is to conduct a screening of Miles's amended complaint before determining how to proceed.  The Court will therefore deny Miles's motion for summary judgment without prejudice, and grant Warden Bottom's request to screen the Second Amended Complaint.

Accordingly, **IT IS ORDERED** that:

1.   Miles's motion for a preliminary injunction [R. 1] is **DENIED**.

2.   Miles's "Motion for Court to Serve Summons/Notice on All Parties" [R. 2] is **DENIED**.

3.   Miles's motion to appoint counsel to represent him in these proceedings [R. 3] is **DENIED**.

4.   Miles's motion to file a second amended complaint [R. 18] is **GRANTED**.

5

5. The Clerk of the Court shall **FILE** Miles's tendered amended complaint [R. 18-2] into the record as his Second Amended Complaint.

6. Defendant Warden Don Bottom's Motion to Dismiss [R. 13] is **DENIED WITHOUT PREJUDICE**.

7. Miles's "Motion for Leave to File Sealed Documents" [R. 19] is **GRANTED**.

8. Miles's Motion for Summary Judgment [R. 23] is **DENIED WITHOUT PREJUDICE**.

9. Warden Bottom's motion for the Court to conduct a screening of Miles's Second Amended Complaint [R. 24] is **GRANTED**.

10. This matter stands submitted for screening of the Second Amended Complaint.

This 28th day of October, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge